**In re Barry L. STAMM, Bernadette R. Stamm, Debtors.**

**No. 97–16111–CJK.**

United States Bankruptcy Court,
D. Massachusetts.

July 25, 2001.

Keith A. Mitchell, Andover, MA, for Debtor.

Doreen B. Solomon, Milton, MA, Chapter 13 Trustee.

1. The confirmation order states that unsecured claims "shall receive a dividend no less

## MEMORANDUM OF DECISION ON DEBTORS' MOTION TO MODIFY CHAPTER 13 PLAN POST–CONFIRMATION

CAROL J. KENNER, Bankruptcy Judge.

The Debtors, Barry L. Stamm and Bernadette R. Stamm, filed a Motion to Modify Chapter 13 Plan Post–Confirmation to which the Chapter 13 Trustee filed a timely Objection. The issue presented is whether debtors are permitted to reduce their total plan payments when actual proofs of claim filed are less than were forecast in the debtors' schedules. The Court held a hearing on July 16, 2001 and took the matter under advisement. For the reasons stated below, the Chapter 13 Trustee's Objection is sustained and the Debtors' Motion to Modify Chapter 13 Plan Post–Confirmation is denied.

### BACKGROUND

The Debtors filed their petition for relief under Chapter 13 of the Bankruptcy Code on June 25, 1997. Their plan was confirmed on October 24, 1997. The Confirmed Plan provides for a 60 month term with payments to the Trustee of "$431.18 per month commencing August 20, 1997, which payments shall continue through the completion of the Plan". The total plan payments of $25,870.80 are to be distributed as follows: administrative claims $900, priority claims $5,000, Trustee's fee 2,603.40, and general unsecured claims $17,367.40. The distribution to unsecured claims represents a 10% dividend on scheduled claims of $173,673.69.[1]

In their Motion to Modify pursuant to 11 U.S.C. § 1329, the Debtors seek approval of a First Amended Plan with a shortened term of fifty months and the same 10%

than 10%."

dividend to unsecured claims (the so-called 'percentage' plan in which creditors receive a constant percentage dividend even if total claims filed are different from those originally scheduled). This reduction is warranted, they claim, because proofs of claim filed by unsecured creditors were lower than expected at only $129,760.00. Thus, they propose to pay a total of $20,973.33 being: administrative claims $900, priority claims $5,000, Trustee's fee $2,097.33, and 10% to unsecured claims $12,976.00. Given that they have already paid $18,971.56 to the Trustee, only $2,001.77 remains due and the Debtors propose to pay this amount over five more months, hence the shortened plan period.[2] The Debtors argue that their proposed First Amended Plan complies with the requirements of 11 U.S.C. § 1322 and § 1325 and should be approved.

The Trustee objects that the Debtors are improperly attempting to change their original 'pot' plan to a 'percentage' plan, the latter not being favored by courts in this circuit. She argues that the Debtors are bound by the terms of their Confirmed Plan to pay over a total of $25,870.80 regardless of the lower than expected filings by unsecured creditors. By the Trustee's reasoning, the originally planned $17,367.40 should go into the 'pot' for unsecured claims, who now stand to receive an increased dividend of approximately 13.4% because of the reduced filings.

### DISCUSSION

The Chapter 13 Trustee correctly states the preference in the First Circuit for the 'pot' plan over the 'percentage' plan. *In re Martin*, 232 B.R. 29 (Bankr. D.Mass.1999); *In re Barbosa*, 236 B.R. 540

(Bankr.D.Mass.1999). As Judge Hillman articulates in *Martin*,

"The substance of a Chapter 13 plan is not found in the 'arbitrary percentage allocations' to unsecured creditors... Rather, the substance of a Chapter 13 plan is found in its fulfillment of Congress' intent that debtors repay their creditors to the extent of their ability during the Chapter 13 period...

The [confirmation] order unambiguously provides that the debtors are obligated to pay $272.00 per month for thirty-six months. This is the principal operational language of the order. Neither the order nor the plan contains any provision for a reduction in monthly payments if the actual amount of unsecured claims is less than projected. Although the order does indicate that general unsecured creditors will receive a 10% dividend, this simply describes the result upon completion of the plan assuming that the claims filed equal the claims scheduled."

*Martin*, 232 B.R. at 34.

Here, the Debtors argued at the hearing that since they have already made their plan payments beyond the minimum thirty-six months required by 11 U.S.C. § 1325(b)(1)(B), they should be excused from their original commitment to a sixty month term. The debtors in *In re Witkowski* were in a similar position. *In re Witkowski*, 16 F.3d 739 (7th Cir.1994). Their original plan required payments of $600 to unsecured creditors for 47 months representing a 10% dividend. When actual claims came in at less than projected claims, the trustee proposed a modification increasing the dividend to 19% but keeping the 'pot' as originally planned. The debt-

---

**2.** The Debtors proposed First Amended Plan filed with the Motion to Modify suggests that the Debtors are 45 months into their plan, but by the Court's calendar the Debtors were 44

months into their plan when the Motion was filed. This is consistent with the payments made so far by the Debtors: 44 months @ $431.18 = $18,971.92

ors responded by proposing to reduce the plan term to 43 months maintaining the dividend at 10%. 16 F.3d at 741. The Seventh Circuit found for the trustee, favoring the 'pot' plan over the debtors' proposed 'percentage' plan. Generating a reasonable, i.e. 19%, dividend for unsecured creditors was held to be sufficient cause for extending the plan to its original term, even though this was beyond the thirty-six month minimum. *Id.* at 747. I adopt the same reasoning as the courts in *Witkowski, Martin* and *Barbosa.*

Because the confirmation order in this case expressly provides that the "term of the plan is 60 months", that "the Debtors shall pay to the Chapter 13 Trustee the sum of $431.18 per month commencing August 20, 1997, which payments shall continue through completion of the Plan", and the summary of disbursements indicates that unsecured creditors "shall receive a dividend no less than 10%", the Court finds that this is a pot plan. Accordingly, the Court rejects the Debtors' contention that payment of the 10% dividend to unsecured creditors as indicated in their proposed First Amended Plan satisfies their obligations under Chapter 13. A separate order will enter.

### *ORDER ON DEBTORS' MOTION TO MODIFY CHAPTER 13 PLAN POST–CONFIRMATION*

For the reasons stated in the memorandum of decision issued today, the Chapter 13 Trustee's Objection is sustained and the Debtors' Motion to Modify Chapter 13 Plan Post–Confirmation is denied.